IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――

No. 01-41387
Summary Calendar

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVIE WAYNE JOHNSON,

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CR-27-1
--------------------
July 30, 2002

Before JOLLY, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stevie Wayne Johnson (Johnson) appeals his convictions and sentences for conspiracy to distribute and possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues that the district court's application of United States Sentencing Guidelines § 2D1.1(c)(3) violated Apprendi v. New Jersey, 530 U.S. 466 (2000), that the evidence was insufficient to sustain his convictions, and

―――――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that the district court erred in adjusting his offense level upward under U.S.S.G. §§ 3B1.1(b) and 3C1.1.

Johnson's Apprendi argument is without merit as we have held that a sentencing court's use of the Guidelines' drug quantity table to determine a defendant's base offense level does not violate Apprendi, even when the question of drug quantity has not been submitted to jury, if the sentence imposed does not exceed the statutory maximum under 21 U.S.C. § 841(b)(1)(C). See United States v. McWaine, 290 F.3d 269 (5th Cir. 2002). As the jury retains sole responsibility for determining the weight and credibility of the evidence and because Johnson has failed to show that the corroborated testimony of his co-conspirators was incredible or otherwise insubstantial on its face, he has failed to show that the evidence was insufficient to sustain his convictions. See United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994); United States v. Gibson, 55 F.3d 173, 181 (5th Cir. 1995); United States v. Hernandez, 962 F.2d 1152, 1157 (5th Cir. 1992). Finally, Johnson has failed to show that the district court clearly erred in adjusting his offense level upward under U.S.S.G. §§ 3B1.1(b) and 3C1.1. See United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001), cert. denied, 122 S. Ct. 823 (2002); United States v. Odiodio, 244 F.3d 398, 404 (5th Cir. 2001); United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995).

AFFIRMED.

2